CLERK'S OFFICE U.S. DISTRICT. COURT
AT LYNCHBURG, VA
FILED

**FEB 23, 2023**



LAURA A. AUSTIN, CLERK
BY:
DEPUTY CLERK

### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

CHRISTOPHER WHITE, an Individual,

      Plaintiff,

vs.

CASE NO.: 6:23CV00007

DEVON KEY, an Individual, ALLISON
MAHER a/k/a MARIE SMITH, an Individual,
TUCOWS INC. a Pennsylvania Company,
CLOUDFLARE, INC. a California Company,
ROBERT WIGGEN, d/b/a ARRESTS.ORG
a foreign company, CHELSEA WEBSTER, an
Individual, CRYSTAL STEVENSON, an
Individual DONALD T. SLOAN, Sheriff of
Lynchburg, Virginia, RYAN ZUIDEMA, Chief
of Police Lynchburg, Virginia, KRISTEN
BORAK, Freedom of Information Officer, Blue
Ridge Regional Jail Authority, CITY OF
LYNCHBURG, VIRGINA

      Defendants.

_____/

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, CHRISTOPHER WHITE ("Plaintiff") hereby sues the Defendants, DEVON

KEY; and ALLISON MAHER a/k/a MARIE SMITH; and TUCOWS INC.; and, CLOUDFLARE,

INC.; and ROBERT WIGGEN, d/b/a ARRESTS.ORG; and CHELSEA WEBSTER; and

CRYSTAL STEVENSON; and DONALD T. SLOAN; and RYAN ZUIDEMA; and KRISTEN

BORAK; and CITY OF LYNCHBURG, VIRGINIA; and alleges:

## NATURE OF THE ACTION

1. This civil suit arises from intentionally and/or negligently fabricated, false, untrue, alibi driven, attention seeking motived statements made by DEVON KEY alleging that she was sexually assaulted by Plaintiff.

2. Unknowingly to Plaintiff on the evening of December 9, 2021, DEVON KEY is a prescription pill drug abuser. *Please See Exhibit "A"*

3. Unknowingly to Plaintiff on the evening of December 9, 2021, DEVON KEY is prescribed several prescription medications including anti-psychotics and is medically diagnosed with mental illness. *Please See Exhibit "B"*

4. Unknowingly to Plaintiff on the evening of December 9, 2021, DEVON KEY is also an admitted substance abuser and alcoholic. *Please See Exhibit "C"*

5. Plaintiff is a flight instructor and does not consume any drugs, prescription or otherwise.

### *Jurisdiction and Venue*

6. This is an action for damages in excess of $75,000.00 exclusive of interest, fees and costs.

7. A United States Constitutional question is presented to this honorable court in this action.

8. At all times material hereto, Plaintiff was a resident and domiciled in Lynchburg, Virginia.

9. At all times material hereto, the facts, applicable locations and, events took place in Lynchburg, Virginia.

10. At all times material hereto, Defendant DEVON KEY was a resident and domiciled in Lynchburg, Virginia.

11. At all times material hereto, Defendant ALLISON MAHER also known as MARIE SMITH, was a resident and domiciled in Lynchburg, Virginia. *Please See Exhibit "D"*

12. At all times material hereto, TUCOWS INC. was a Pennsylvania Company, doing business in Lynchburg, Virginia.

13. At all times material hereto, CLOUDFLARE, INC. was a California Company, doing business in Lynchburg, Virginia.

14. At all times material hereto ROBERT WIGGEN, doing business as ARRESTS.ORG was a foreign company, doing business in Lynchburg, Virginia.

15. At all time material hereto, CRYSTAL STEVENSON, was a police officer with the City of Lynchburg, Virginia.

16. At all times material hereto, CHELSEA WEBSTER, was a prosecutor with the City of Lynchburg, Virginia.

17. At all times material hereto, DONALD T. SLOAN, was the Sheriff of Lynchburg, Virginia.

18. At all times material hereto, RYAN ZUIDEMA was the Chief of Police Lynchburg, Virginia.

19. At all times material hereto, KRISTEN BORAK, was the Freedom of Information Officer, Blue Ridge Regional Jail Authority in Lynchburg, Virginia.

20. At all times material hereto, CITY OF LYNCHBURG, VIRGINA is a city in the Commonwealth of Virginia.

### *The Lynchburg City Police Department and Virginia Commonwealths Attorney*

21. DEVON KEY contacted Lynchburg, Virginia Police Department Detective CRYSTAL STEVENSON on December 10, 2021.

22. After conducting a clandestine investigation Detective CRYSTAL STEVENSON called the Plaintiff on December 20, 2021 at approximately noon while the Plaintiff was at work. During the call, the Detective informed the plaintiff that the Plaintiff needed to come to the Lynchburg police department to be served with a document.

23. Plaintiff asserted that he could immediately come meet the Detective, however Detective CRYSTAL STEVENSON stated that "now was not a good time." ***Please See Exhibit "E1 and E2"***

24. During the call with Detective CRYSTAL STEVENSON, Plaintiff inquired as to the nature of the document needing to be served and asked numerous times throughout the phone call. Detective CRYSTAL STEVENSON would not state the nature of the document and unprofessionally laughed at the Plaintiff during the phone call.

25. After Plaintiff got off work on December 20, 2021 Plaintiff drove down to the police station to find that Detective CRYSTAL STEVENSON had gone home for the day and no one was available with the Lynchburg Police Department to discuss the matter.

26. At that point, Plaintiff called an Attorney.

27. Getting no information through Plaintiff's own efforts, was a foundational injustice and fallacy in police procedure with the Lynchburg City Police Department. And, furthermore unprofessional.

28. The following morning on December 21, 2021, Plaintiff's Attorney learned that the Plaintiff was being charged with a serious felony, Rape. A violent felony that is of no laughable nature whatsoever.

29. While Plaintiff was being processed, Plaintiff's Attorney spoke to the locally elected Commonwealth's Attorney Bethany A. S. Harrison, whom stated that "sometimes we just have to put it on," when speaking to the merits of the allegation. When an investigation is not even-handed and is prevailingly unfair, when general logic and common sense leaves the consciousness of our elected officials, this will only serve to fail the Citizens of the Commonwealth of Virginia.

30. Detective CRYSTAL STEVENSON engaged in a multi-week clandestine investigation and made no legitimate effort to discuss the matter with the Plaintiff. It is entirely unprofessional, unfair and unjust for the local authorities to not even attempt to fully investigate a matter before charging a citizen with a serious crime. They did not even have probable cause.

31. At no point did Detective CRYSTAL STEVENSON try to talk to the Plaintiff about the matter. To the contrary, CRYSTAL STEVENSON sought to charge the Plaintiff based solely on the statements provided by an individual on anti-psychotic medication, medically diagnosed with mental health issues and admitted substance abuser.

32. Detective CRYSTAL STEVENSON sought to overzealously abuse her authority as a Lynchburg City Police Officer and Charge a citizen/resident of Lynchburg City without so much as reasonable effort to discuss the matter or fully and fairly investigate.

33. Plaintiff was arrested, put in handcuffs, booked, and photographed on December 21, 2021.

34. Detective CRYSTAL STEVENSON Falsely Charged and arrested Plaintiff with Rape (Helplessness) Code Section 18.2-61.

35. Shortly thereafter at a hearing on the matter, on January 4, 2022 at 2:30pm CHELSEA WEBSTER a prosecutor with the Commonwealth's Attorney in Lynchburg City was at the protective order hearing that comes with a rape charge in Virginia.

36. Virginia Commonwealth's Attorney CHELSEA WEBSTER was unprofessionally and unethically witness coaching DEVON KEY during the hearing and instructing DEVON KEY what to say while DEVON KEY was on the stand testifying under oath. ***Please see Exhibit "F"***

37. Virginia Commonwealth's Attorney CHELSEA WEBSTER was at the protective order hearing, and against Virginia Bar Rule 3.4 (C) "A lawyer shall not:… Falsify evidence, counsel

or assist a witness to testify falsely…" was illegally telling DEVON KEY what to say during the hearing in essence "witness coaching," while the witness was on the stand testifying. ***Please see exhibit "G"***

38. Virginia Commonwealth's Attorney CHELSEA WEBSTER was nodding her head as to coax answers for the witness, making gestures and verbally coaching the witness DEVON KEY during the hearing and during DEVON KEY's testimony on January 4, 2022.

39. Virginia Commonwealth's Attorney CHELSEA WEBSTER was witness coaching in a manner so direct as to violate the rules of ethics, evidence and the court had to direct Ms. Webster to stop.

40. Virginia Commonwealth's Attorney CHELSEA WEBSTER was witness coaching in a manner that was not for the truth of the matter but to subvert the truthfulness of DEVON KEY's responses.

41. Particular note and attention must be given to the way, manner and, detail to which DEVON KEY's testimony changed from the Protective Order Hearing to the Preliminary Hearing.

42. Virginia Commonwealth's Attorney CHELSEA WEBSTER was the Prosecutor in the False Rape Case Plaintiff was charged with.

43. Virginia Commonwealth's Attorney CHELSEA WEBSTER conducted herself with a lack of decorum and/or professionalism at the Protective Order Hearing on January 4, 2022.

44. At the protective order hearing, Virginia Commonwealth's Attorney CHELSEA WEBSTER was presented with photographic and voice recorded obvious, clear, transparent, prima facie exculpatory evidence as to the Plaintiff's innocence of the falsely alleged Rape crime.

45. Despite the irrefutable exculpatory evidentiary proof as to the innocence of the Plaintiff presented at the Protective Order Hearing, Virginia Commonwealth's Attorney CHELSEA

WEBSTER proceeded to continue pursuing a miscarriage of justice and a preliminary hearing was held in the matter on March 9, 2022.

46. Virginia Commonwealths Attorney CHELSEA WEBSTER, left common sense, her legal education and generally doing the right thing behind her quite some time ago. Instead, she sought to perpetuate a social media driven insane hysteria proffered by an individual on anti-psychotic medication, a medically diagnosed mental health psychopath and admitted substance abuser. In a general sense, Attorney CHELSEA WEBSTER does not understand her role as a Commonwealth's Attorney, to the contrary, she misunderstands who her client is and the purpose of her position.

47. Virginia Commonwealth's Attorney, CHELSEA WEBSTER, as part of her fraud on the court, sought to have the Police Department's own expert excluded from the proceedings. A toxicologist report with a blood analysis showing that Plaintiff did not provide DEVON KEY any foreign substances that evening.

### *Plaintiff's Interaction with defendant's Devon Key and Allison Maher a/k/a Marie Smith*

48. On December 9, 2021, the Plaintiff met with ALLISON MAHER a/k/a MARIE SMITH at the Cavalier restaurant in Lynchburg Virginia at approximately 8:00pm. Wherein ALLISON MAHER a/k/a MARIE SMITH had a beer in front of her and was already consuming it prior to Plaintiff's arrival.

49. Approximately 15 minutes after meeting ALLISON MAHER a/k/a MARIE SMITH, DEVON KEY unannounced to the Plaintiff, joined ALLISON MAHER a/k/a MARIE SMITH and Plaintiff at the restaurant. At which point DEVON KEY ordered a beer when she sat down.

50. ALLISON MAHER a/k/a MARIE SMITH, DEVON KEY and the Plaintiff stayed at the Cavalier until approximately 9:15pm wherein all three in their separate vehicles drove to Rivermont Pizza, a restaurant down the street from the Cavalier.

51. All three individuals DEVON KEY, ALLISON MAHER a/k/a MARIE SMITH and Plaintiff hung out at Rivermont Pizza until approximately 10:30pm wherein Plaintiff was invited to DEVON KEY's apartment to hangout.

52. Going to DEVON KEY'S apartment was for ALLISON MAHER a/k/a MARIE SMITH and DEVON KEY to smoke their marijuana. Plaintiff is a flight instructor and does not smoke marijuana or consume any drugs whatsoever.

53. Upon learning that ALLISON MAHER a/k/a MARIE SMITH and DEVON KEY were going to smoke pot at their apartment, Plaintiff informed them that he was just going to go home. However, both ALLISON MAHER a/k/a MARIE SMITH and DEVON KEY insisted that Plaintiff join them. DEVON KEY even went so far as to purchase to-go beers from Rivermont Pizza so that Plaintiff would continue to hangout with them at her apartment.

54. DEVON KEY purchased to-go alcoholic beverages from Rivermont Pizza, later at the Protective Order hearing on January 4, 2022 surrounding the matter, DEVON KEY committed perjury regarding that. Which was confirmed by Detective Crytal Stevenson at the Preliminary hearing on March 9, 2022. *Please see exhibit "H1 and H2"*

55. Upon arriving at DEVON KEY's apartment, ALLISON MAHER a/k/a MARIE SMITH and DEVON KEY began consuming and smoking marijuana. The Plaintiff did not engage in the intake of marijuana, Xanax, or any drugs.

56. Unknowingly to Plaintiff on the evening surrounding the allegations, DEVON KEY took alprazolam, Xanax, a benzodiazepine a controlled substance. *Please see exhibit "A"*

57. Shortly after arriving at DEVON KEY's apartment, DEVON KEY and ALLISON MAHER a/k/a MARIE SMITH smoked marijuana and ALLISON MAHER a/k/a MARIE SMITH went to sleep.

58. After ALLISON MAHER a/k/a MARIE SMITH went to sleep, the Plaintiff, knowing that it was late and wanted to do some work the next morning, attempted to go home for the night. DEVON KEY was unsatisfied and insisted that the Plaintiff "stay a little longer and hangout."

59. Reluctantly, the Plaintiff stayed. At which point DEVON KEY turned her fireplace on, rolled a marijuana filled cigar and invited the Plaintiff to sit on the couch with her while she smoked.

60. Plaintiff took selfies with DEVON KEY while DEVON KEY and Plaintiff were sitting on the couch in DEVON KEY's apartment after ALLISON MAHER a/k/a MARIE SMITH went to sleep. *Please see exhibit "I1 and I2"*

61. DEVON KEY and the Plaintiff sat on the couch talking until DEVON KEY leaned over closely to the Plaintiff and blew smoke into the Plaintiffs face.

62. Immediately after/during blowing marijuana smoke into the Plaintiffs face, both Plaintiff and DEVON KEY kissed each other. Mutually, reciprocally, consensually.

63. DEVON KEY and the Plaintiff engaged in consensual intercourse that evening and into the early morning of December 10, 2021.

64. DEVON KEY took off her own pants. Plaintiff was not touching DEVON KEY at all, when DEVON KEY took off her own pants, in the living room, next to the fire, on the couch with other lights on. *Please See Exhibit "J" and "K"*

65. Plaintiff and DEVON KEY engaged in mutual, consensual, reciprocal sexual intercourse. During said intercourse DEVON KEY at one point got on top of Plaintiff for a period of time. DEVON KEY was facing the Plaintiff throughout the entirety of the intercourse.

66. After a period of time engaging in sexual activity on the couch and main room of the apartment, DEVON KEY led plaintiff to another room in the apartment Plaintiff had never been to before and continued engaging in sexual activity with Plaintiff. *Please See Exhibit "K"*

67. After said intercourse, DEVON KEY provided Plaintiff with her phone number. *Please see exhibit "L"*

68. In the early morning hours, around 1:00am and approximately less than five (5) minutes after DEVON KEY provided Plaintiff with her phone number, Plaintiff went home. Plaintiff had to work the next day and went home to get rest.

69. On December 10, 2021 the Plaintiff received a threatening text messages from ALLISON MAHER a/k/a MARIE SMITH stating false allegations of rape. *Please See Exhibit "M"*

70. ALLISON MAHER a/k/a MARIE SMITH threatened to affect the Plaintiffs employment by posting publicly a false allegation of rape.

### *The "mugshot" industry and the Unconstitutionality of Virginia Statute § 2.2-3706*

71. Plaintiff, upon being booked for the false allegation of rape was photographed by the local authorities DONALD T. SLOAN; and RYAN ZUIDEMA; and KRISTEN BORAK; and CITY OF LYNCHBURG, VIRGINIA.

72. Upon being photographed, the local authorities DONALD T. SLOAN; and RYAN ZUIDEMA; and KRISTEN BORAK; and CITY OF LYNCHBURG, VIRGINIA, released the Plaintiffs picture on the internet.

73. Defendants, CLOUDFLARE, INC., and TUCOWS, INC., and ROB WIGGEN d/b/a ARRESTS.ORG put Plaintiff's booking photo on the internet for revenue generation, harassment, embarrassment and the purpose of business profits. *Please See Exhibit "N1, N2, N3 and N4"*

74. The advertisements on the website generate substantial revenue and income for the defendants CLOUDFLARE, INC., and TUCOWS, INC., and ROB WIGGEN d/b/a ARRESTS.ORG at the Plaintiffs expense and without the Plaintiffs consent.

75. Defendants have admitted to receiving funds for these sites. *Please See Exhibit "O"*

76. When a photo is released on the internet it is there in perpetuity, forever and will never go away.

77. Before being afforded the Plaintiffs constitutional right to cross examine the evidence alleging the false allegations, the Plaintiff was subjected to extreme embarrassment, harassing conduct and, shame practice in general in the community.

78. Plaintiff has suffered emotional trauma surrounding these events.

79. Releasing the mugshot photograph of an individual charged with a crime that is not convicted, not on the run from authorities, or in any way a fugitive from justice is entirely antithetical to our justice system.

80. The authorities photograph individuals at their most vulnerable point.

81. The release of mugshots of individuals prior to or in the absence of a fugitive from justice, conviction or guilty plea, or any meaningful hearing is a fundamental slap in the face to the constitutional right of *"innocent unless/until proven guilty."*

82. The Judiciary, local, state and federal law enforcement, and all members of the Attorney Bar are required to take an oath to uphold and defend the Constitution of the United States. The release of booking photos rapes and molests American Citizens and Citizens of the Commonwealth of Virginia of the right to *"innocent unless/until proven guilty."*

83. With the lack of common sense and decency in the local authority's conscience, it is the duty of the Judiciary to cease unconstitutionality revolving around the release of booking photographs.

84. The premature release of booking photos is entirely contrary to the purpose of our judicial system.

### ***Plaintiffs Injuries***

85. Plaintiff has no violent criminal record and prior to these events had never been arrested.

86. Upon Charge, Plaintiff was disenfranchised of his 2nd Amendment, United States Constitutional Rights.

87. Upon charge and release of the booking photo, Plaintiff was immediately released without pay from his restaurant job.

88. Upon charge and release of the booking photo, Plaintiffs Professionalism/reputation was undermined, detrimented and generally diminished.

89. Upon charge and release of the booking photo, Plaintiff lost a student from his job as a Flight Instructor.

90. Upon charging Plaintiff and releasing his booking photo Plaintiff was stigmatized in the local community, his family underwent harassment, and the ostracization surrounding the matter continues to this day affecting the Plaintiff financially, physically, and emotionally.

### COUNT I – Defamation
### (as to DEVON KEY)

91. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

92. Plaintiff is not a public figure.

93. DEVON KEY recklessly, knowingly, or should have known the falsity of her statements. However, she proceeded to post on her social media spreading false allegations of rape,

speak with individuals around her spreading false allegations rape, and report to the local authorities on December 10, 2021 a false allegation of Rape.

94. DEVON KEY falsely portrayed the Plaintiff as a rapist, sexual assaulter and a predator.

95. DEVON KEY, even after being shown exculpatory evidence of her false allegation of rape sought to continue her defamatory ramblings and statements both written and verbal.

96. DEVON KEY knowingly or intentionally disregarded the truth that her allegations were in fact entirely false.

97. DEVON KEY's accusations are defamatory per se as to Plaintiff. They impute that Plaintiff committed sexual assault and rape – crimes involving moral turpitude. They also were intended to injure Plaintiff in his profession as a Lawyer, Flight Instructor and Restaurant Employee.

98. As a direct and proximate result of DEVON KEY's actions, Plaintiff lost significant income, his reputation has been damaged, and his professional prospects have been significantly diminished.

99. DEVON KEY's actions were malicious, willful, and wanton, and evidence of conscious disregard for the rights of Plaintiff. Accordingly, punitive damages are appropriate.

### COUNT II – Intentional Infliction of Emotional Distress
### (as to DEVON KEY)

100. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

101. The Defendant, DEVON KEY's, actions were extreme and outrageous beyond all bounds of decency so as to be deemed utterly intolerable in a civilized community and the Defendant intentionally or recklessly caused the Plaintiff to suffer severe emotional distress. The recitation of the Defendants; actions will arouse resentment in an average member of the community and cause him to exclaim "outrageous."

### COUNT III – Malicious Prosecution
### (as to DEVON KEY)

102. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

103. On or about December 10, 2021, defendant, maliciously, and without probable cause therefor, caused the Plaintiff to be arrested under a warrant issued by CRYSTAL STEVENSON, a Lynchburg City Police Detective, on a charge of Rape.

104. Before the commencement of this action, this charge was judicially investigated, the prosecution ended, and the Plaintiff was discharged.

### COUNT IV – Intentional Infliction of Emotional Distress
### (as to ALLISON MAHER a/k/a MARIE SMITH)

105. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

106. The Defendant, ALLISON MAHER a/k/a MARIE SMITH's, actions were extreme and outrageous beyond all bounds of decency so as to be deemed utterly intolerable in a civilized community and the Defendant intentionally or recklessly caused the Plaintiff to suffer severe emotional distress. The recitation of the Defendants; actions will arouse resentment in an average member of the community and cause him to exclaim "outrageous."

### COUNT V – Defamation
### (as to ROBERT WIGGEN, d/b/a ARRESTS.ORG)

107. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

108. Plaintiff is not a public figure.

109. ROBERT WIGGEN, d/b/a ARRESTS.ORG recklessly, knowingly, or should have known the falsity of their statements. However, the proceeded to post on their website spreading false allegations of rape.

110. ROBERT WIGGEN, d/b/a ARRESTS.ORG falsely portrayed the Plaintiff as a rapist, sexual assaulter and a predator.

111. ROBERT WIGGEN, d/b/a ARRESTS.ORG knowingly or intentionally disregarded the truth that their allegations were in fact entirely false.

112. ROBERT WIGGEN, d/b/a ARRESTS.ORG's accusations are defamatory per se as to Plaintiff. They impute that Plaintiff committed sexual assault and rape – crimes involving moral turpitude. They also were intended to injure Plaintiff in his profession as a Lawyer, Flight Instructor and Restaurant Employee.

113. As a direct and proximate result of ROBERT WIGGEN, d/b/a ARRESTS.ORG's actions, Plaintiff lost significant income, his reputation has been damaged, and his professional prospects have been significantly diminished.

114. ROBERT WIGGEN, d/b/a ARRESTS.ORG's actions were malicious, willful, and wanton, and evidence of conscious disregard for the rights of Plaintiff. Accordingly, punitive damages are appropriate.

### COUNT VI – Defamation
### (as to TUCOWS, INC.)

115. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

116. Plaintiff is not a public figure.

117. TUCOWS, INC. recklessly, knowingly, or should have known the falsity of their statements. However, the proceeded to post on their website spreading false allegations of rape.

118. TUCOWS, INC. falsely portrayed the Plaintiff as a rapist, sexual assaulter and a predator.

119. TUCOWS, INC. knowingly or intentionally disregarded the truth that their allegations were in fact entirely false.

120. TUCOWS, INC.'s accusations are defamatory per se as to Plaintiff. They impute that Plaintiff committed sexual assault and rape – crimes involving moral turpitude. They also were intended to injure Plaintiff in his profession as a Lawyer, Flight Instructor and Restaurant Employee.

121. As a direct and proximate result of TUCOWS, INC.'s actions, Plaintiff lost significant income, his reputation has been damaged, and his professional prospects have been significantly diminished.

122. TUCOWS, INC.'s actions were malicious, willful, and wanton, and evidence of conscious disregard for the rights of Plaintiff. Accordingly, punitive damages are appropriate.

### COUNT VII – Defamation
### (as to CLOUDFLARE, INC.)

123. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

124. Plaintiff is not a public figure.

125. CLOUDFLARE, INC. recklessly, knowingly, or should have known the falsity of their statements. However, the proceeded to post on their website spreading false allegations of rape.

126. CLOUDFLARE, INC. falsely portrayed the Plaintiff as a rapist, sexual assaulter and a predator.

127. CLOUDFLARE, INC. knowingly or intentionally disregarded the truth that their allegations were in fact entirely false.

128. CLOUDFLARE, INC.'s accusations are defamatory per se as to Plaintiff. They impute that Plaintiff committed sexual assault and rape – crimes involving moral turpitude. They also were intended to injure Plaintiff in his profession as a Lawyer, Flight Instructor and Restaurant Employee.

129. As a direct and proximate result of CLOUDFLARE, INC.'s actions, Plaintiff lost significant income, his reputation has been damaged, and his professional prospects have been significantly diminished.

130. CLOUDFLARE, INC.'s actions were malicious, willful, and wanton, and evidence of conscious disregard for the rights of Plaintiff. Accordingly, punitive damages are appropriate.

<u>**COUNT VIII- Virginia Statute § 8.01-40. Unauthorized use of picture**</u>
<u>**(as to ROB WIGGEN d/b/a ARRESTS.ORG)**</u>

131. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

132. Defendant's ROB WIGGEN d/b/a ARREST.ORG acting Jointly and Severally did so

tortiously injure Plaintiff.

133. Virginia Statute § 8.01-40 Provides:

> **"§ 8.01-40. Unauthorized use of name or picture of any person;**
> **punitive damages; statute of limitations.**
> A. Any person whose name, portrait, or picture is used without
> having first obtained the written consent of such person, or if
> dead, of the surviving consort and if none, of the next of kin, or
> if a minor, the written consent of his or her parent or guardian,
> for advertising purposes or for the purposes of trade, such
> persons may maintain a suit in equity against the person, firm,
> or corporation so using such person's name, portrait, or picture
> to prevent and restrain the use thereof; and may also sue and
> recover damages for any injuries sustained by reason of such
> use. And if the defendant shall have knowingly used such
> person's name, portrait or picture in such manner as is forbidden
> or declared to be unlawful by this chapter, the jury, in its
> discretion, may award punitive damages…"

134. Defendant's ROB WIGGEN d/b/a ARREST.ORG's acting jointly and severally have placed

Plaintiff's booking photograph on the internet.

135. Defendant's ROB WIGGEN d/b/a ARREST.ORG have placed plaintiff's booking

photograph on the internet for no other purpose but to harass, embarrass and so injure the

Plaintiff.

136. Defendant's ROB WIGGEN d/b/a ARREST.ORG website, virginia.Arrest.org has numerous

"pop-up" advertisements on the website when you visit the site.

137. These "pop-up" advertisements undoubtedly generate revenue for the Defendants ROB

WIGGEN d/b/a ARREST.ORG.

138. Defendant's ROB WIGGEN d/b/a ARREST.ORG have used the Plaintiffs booking photograph for the use in there "trade" of defaming, embarrassing and harassing, falsely accused individuals in order to generate click bait to their website.

139. Defendants ROB WIGGEN d/b/a ARREST.ORG have admittedly utilized this method to generate income to their companies.

140. ROB WIGGEN has admitted to receiving money for the removal of booking photos from ARREST. ORG and has stated that it is a money making business venture in general.

### COUNT IX- Virginia Statute § 8.01-40. Unauthorized use of picture (as to CLOUDFLARE, INC.)

141. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

142. Defendant's CLOUDFARE, INC., acting Jointly and Severally did so tortiously injure Plaintiff.

143. Virginia Statute § 8.01-40 Provides:

> **"§ 8.01-40. Unauthorized use of name or picture of any person; punitive damages; statute of limitations.**
> B. Any person whose name, portrait, or picture is used without having first obtained the written consent of such person, or if dead, of the surviving consort and if none, of the next of kin, or if a minor, the written consent of his or her parent or guardian, for advertising purposes or for the purposes of trade, such persons may maintain a suit in equity against the person, firm, or corporation so using such person's name, portrait, or picture to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use. And if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by this chapter, the jury, in its discretion, may award punitive damages..."

144. Defendant's CLOUDFARE, INC., acting jointly and severally have placed Plaintiff's booking photograph on the internet.

145. Defendant's CLOUDFARE, INC., have placed plaintiff's booking photograph on the internet for no other purpose but to harass, embarrass and so injure the Plaintiff.

146. Defendant's CLOUDFARE, INC., website, virginia.Arrest.org has numerous "pop-up" advertisements on the website when you visit the site.

147. These "pop-up" advertisements undoubtedly generate revenue for the Defendants CLOUDFARE, INC.

148. Defendant's CLOUDFARE, INC., have used the Plaintiffs booking photograph for the use in there "trade" of defaming, embarrassing and harassing, falsely accused individuals in order to generate click bait to their website.

149. Defendants CLOUDFARE, INC., have admittedly utilized this method to generate income to their companies.

<u>COUNT X- Virginia Statute § 8.01-40. Unauthorized use of picture</u>
<u>(as to TUCOWS, INC.)</u>

150. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

151. Defendant's TUCOWS, INC., acting Jointly and Severally did so tortiously injure Plaintiff.

152. Virginia Statute § 8.01-40 Provides:

> **"§ 8.01-40. Unauthorized use of name or picture of any person; punitive damages; statute of limitations.**
> C. Any person whose name, portrait, or picture is used without having first obtained the written consent of such person, or if dead, of the surviving consort and if none, of the next of kin, or if a minor, the written consent of his or her parent or guardian, for advertising purposes or for the purposes of trade, such persons may maintain a suit in equity against the person, firm, or corporation so using such person's name, portrait, or picture to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use. And if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by this chapter, the jury, in its discretion, may award punitive damages..."

153. Defendant's TUCOWS, INC., acting jointly and severally have placed Plaintiff's booking photograph on the internet.

154. Defendant's TUCOWS, INC., have placed plaintiff's booking photograph on the internet for no other purpose but to harass, embarrass and so injure the Plaintiff.

155. Defendant's TUCOWS, INC. website, virginia.Arrest.org has numerous "pop-up" advertisements on the website when you visit the site.

156. These "pop-up" advertisements undoubtedly generate revenue for the Defendants TUCOWS, INC.

157. Defendant's TUCOWS, INC. have used the Plaintiffs booking photograph for the use in there "trade" of defaming, embarrassing and harassing, falsely accused individuals in order to generate click bait to their website.

158. Defendants TUCOWS, INC. have admittedly utilized this method to generate income to their companies.

## COUNT XI- Intentional Infliction of Emotional Distress
### (as to CLOUDFLARE, INC.)

159. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

160. The Defendants, CLOUDFLARE, INC, acting jointly and severally, actions were extreme and outrageous beyond all bounds of decency so as to be deemed utterly intolerable in a civilized community and the Defendant intentionally or recklessly caused the Plaintiff to suffer severe emotional distress. The recitation of the Defendants; actions will arouse resentment in an average member of the community and cause him to exclaim "outrageous."

## COUNT XII- Intentional Infliction of Emotional Distress
### (as to TUCOWS, INC.)

161. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

162. The Defendants, TUCOWS, INC., acting jointly and severally, actions were extreme and outrageous beyond all bounds of decency so as to be deemed utterly intolerable in a civilized community and the Defendant intentionally or recklessly caused the Plaintiff to suffer severe emotional distress. The recitation of the Defendants; actions will arouse resentment in an average member of the community and cause him to exclaim "outrageous."

### COUNT XIII- Intentional Infliction of Emotional Distress
### (as to ROB WIGGEN d/b/a ARRESTS.ORG)

163. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

164. The Defendants, ROB WIGGEN d/b/a ARRESTS.ORG, acting jointly and severally, actions were extreme and outrageous beyond all bounds of decency so as to be deemed utterly intolerable in a civilized community and the Defendant intentionally or recklessly caused the Plaintiff to suffer severe emotional distress. The recitation of the Defendants; actions will arouse resentment in an average member of the community and cause him to exclaim "outrageous."

### COUNT XIV – Virginia Statute § 2.2-3706. Is Unconstitutional as per the
### Eighth Amendment prohibition on Cruel and Unusual Punishment
### (as to DONALD T. SLOAN; and RYAN ZUIDEMA; and KRISTEN BORAK; and CITY
### OF LYNCHBURG, VIRGINIA)

165. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

166. Virginia Statue § 2.2-3706 provides:

> "**§ 2.2-3706. Disclosure of law-enforcement and criminal records; limitations.**
> A. Records required to be released. All public bodies engaged in criminal law-enforcement activities shall provide the following records when requested in accordance with the provisions of this chapter: 1. Adult arrestee photographs taken during the initial intake following the arrest and as part of the routine booking procedure, except when necessary to avoid jeopardizing an investigation in felony cases until such time as the release of the photograph will no longer jeopardize the investigation; 2. Information relative to the

identity of any individual, other than a juvenile, who is arrested and charged, and the status of the charge or arrest; and…"

167. All notice conditions precedent under Federal Rule of Civil Procedure 5.1 to asserting a constitutional violation claim have been complied with.

168. Defendants, DONALD T. SLOAN, and RYAN ZUIDEMA, and KRISTEN BORAK, and CITY OF LYNCHBURG, VIRGINIA, acting jointly and severally, violated the Constitution of the United States of America.

169. DONALD T. SLOAN, and RYAN ZUIDEMA, and KRISTEN BORAK, and CITY OF LYNCHBURG VIRGINIA acting in their official capacity for the Commonwealth of Virginia did so release Plaintiffs "Booking Photo" on the internet.

170. As provided by the Eighth Amendment of the United States Constitution, the cruel and unusual punishments clause provides, in part, "against all punishments which, by their excessive length or severity, are greatly disproportionate."

171. It is wholly Cruel and Unusual punishment to release an image to the public of the plaintiff before any reasonable hearing on the matter.

172. Plaintiff's Booking Photo is now in the public eye in perpetuity and will never go away and that is Cruel and Unusual as per the Eighth Amendment to the United States Constitution.

173. There serves no legitimate, state purpose, public interest and/or constitutionally valid reason to release the embarrassing, harassing and generally audacious booking photo of those not convicted, plead or a fugitive from justice. It only serves as material to embarrass, deprive and harass.

174. Plaintiff at no time was "on the run from authorities," a fugitive from justice, convicted or plead. To the contrary, upon knowledge of the false accusation, Plaintiff immediately sought out the local authorities to address the matter. Whom were elusive themselves.

175. Plaintiff was falsely accused of an absurd accusation by an individual with medically diagnosed mental health illness, admitted drug addiction/substance abuse illness, a likely personality disorder and the local authorities were presented in court independently verifiable and irrefutable exculpatory evidence.

176. The false accuser in this matter made a series of "I don't remember," so he must have raped me statements and the Defendants DONALD T. SLOAN, and RYAN ZUIDEMA, and KRISTEN BORAK, and CITY OF LYNCHBURG, VIRGINIA sought to defame, degrade, embarrass and harass Plaintiff. Without making any reasonable attempt to even speak to Plaintiff prior to charging him.

177. The investigation surrounding the matter was unfair in its entirety.

178. Plaintiff has maintained his innocence to these false allegations throughout this nightmare because that is the truth, but the local authorities where not interested in that. They took it upon themselves to set general logic aside and pursue a salacious and abhorrent agenda.

179. If the local authorities are to be provided such unwavering, wholly unfair, and generally all-encompassing power to charge an individual without so much as a reasonably fair investigation and then effect the embarrassing harassment of releasing a booking photo without a legitimate reason, it will only serve to degrade the moral, equitable and Constitutional fabric of the United States of America.

### COUNT XV – Malicious Prosecution
### (as to CHELSEA WEBSTER)

180. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

181. On or about December 21, 2021, defendant CHELSEA WEBSTER, maliciously, and without probable cause therefor, caused the Plaintiff to be arrested under a warrant issued by CRYSTAL STEVENSON, a Lynchburg City Police Detective, on a charge of Rape.

182. CHELSEA WEBSTER was shown clear exculpatory evidence on January 4, 2022 and yet proceeded with her miscarriage of justice and continued to prosecute the plaintiff.

183. Before the commencement of this action, this charge was judicially investigated, the prosecution ended, and the Plaintiff was discharged.

### COUNT XVI – Malicious Prosecution
### (as to DONALD T. SLOAN; and RYAN ZUIDEMA; and KRISTEN BORAK; and CITY OF LYNCHBURG, VIRGINIA)

184. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

185. On or about December 21, 2021, defendants joint and severally, maliciously, and without probable cause therefor, caused the Plaintiff to be arrested under a warrant issued by CRYSTAL STEVENSON, a Lynchburg City Police Detective, on a charge of Rape.

186. Before the commencement of this action, this charge was judicially investigated, the prosecution ended, and the Plaintiff was discharged.

### COUNT XVII – False Arrest
### (as to CRYSTAL STEVENSON)

187. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

188. Police Officer CRYSTAL STEVENSON of the Lynchburg Police Department intentionally restricted the Plaintiff's freedom of movement when she arrested Plaintiff.

189. There was no legal right to arrest the Plaintiff.

190. Police Officer CRYSTAL STEVENSON used words, acts and force of which the Plaintiff, could not ignore.

191. Plaintiff was aware of the restriction of movement.

### COUNT XVIII – Virginia Statute § 2.2-3706. Is Unconstitutional as per the Due Process Clause of the Fourteenth Amendment (as to DONALD T. SLOAN; and RYAN ZUIDEMA; and KRISTEN BORAK; and CITY OF LYNCHBURG, VIRGINIA)

192. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

193. Virginia Statue § 2.2-3706 provides:

> **"§ 2.2-3706. Disclosure of law-enforcement and criminal records; limitations.**
> A. Records required to be released. All public bodies engaged in criminal law-enforcement activities shall provide the following records when requested in accordance with the provisions of this chapter: 1. Adult arrestee photographs taken during the initial intake following the arrest and as part of the routine booking procedure, except when necessary to avoid jeopardizing an investigation in felony cases until such time as the release of the photograph will no longer jeopardize the investigation; 2. Information relative to the identity of any individual, other than a juvenile, who is arrested and charged, and the status of the charge or arrest; and…"

194. All notice conditions precedent under Federal Rule of Civil Procedure 5.1 to asserting a constitutional violation claim have been complied with.

195. Defendants, DONALD T. SLOAN, and RYAN ZUIDEMA, and KRISTEN BORAK, and CITY OF LYNCHBURG, VIRGINIA, acting jointly and severally, violated the Constitution of the United States of America.

196. As provided by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, guarantees "due process of law" before the government may deprive someone of "life, liberty, or property."

197. The Plaintiff has been deprived of his image, photo, picture, and was not provided any reasonable procedure or hearing on the matter by the government to remedy the deprivation or stop it in general. There was no remedy or it was constitutionally inadequate.

198. DONALD T. SLOAN, and RYAN ZUIDEMA, and KRISTEN BORAK, and CITY OF LYNCHBURG VIRGINIA acting in their official capacity for the Commonwealth of Virginia did so release Plaintiffs "Booking Photo" on the internet.

199. There serves no legitimate state purpose, public interest and/or constitutionally valid reason to release the embarrassing, harassing and generally audacious booking photo of those not

convicted, plead or a fugitive from justice. It only serves as material to embarrass, deprive and harass. Resulting in nothing short of cannon fodder for the salacious at Plaintiffs expense. This will undoubtedly affect plaintiff for the remainder of his life.

200. Plaintiff at no time was "on the run from authorities," a fugitive from justice, convicted or plead. To the contrary, upon knowledge of the false accusation, Plaintiff immediately sought out the local authorities to address this matter. Whom were elusive themselves.

201. Plaintiff was falsely accused of an absurd accusation by an individual with medically diagnosed mental health illness, admitted drug addiction/substance abuse illness, a likely personality disorder and the local authorities were presented in court independently verifiable and irrefutable exculpatory evidence.

202. The false accuser in this matter made a series of "I don't remember," so he must have raped me statements and the Defendants DONALD T. SLOAN, and RYAN ZUIDEMA, and KRISTEN BORAK, and CITY OF LYNCHBURG, VIRGINIA sought to defame, degrade, embarrass and harass Plaintiff. Without making any reasonable attempt to even speak to Plaintiff prior to charging him.

203. The investigation surrounding the matter was unfair in its entirety.

204. Plaintiff has maintained his innocence to these false allegations throughout this nightmare because that is the truth, but the local authorities where not interested in that. They took it upon themselves to set general logic aside and pursue a salacious and abhorrent agenda.

205. If the local authorities are to be provided such unwavering, wholly unfair, and generally all-encompassing power to charge an individual without so much as a reasonably fair investigation and then effect the embarrassing harassment of releasing a booking photo without a legitimate

reason, it will only serve to degrade the moral, equitable and Constitutional fabric of the United States of America.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTOPHER WHITE demands judgement against the Defendants, jointly and severally, as follows:

a) Awarding compensatory damages of not less than thirty million dollars ($30,000,000.00);

b) awarding punitive damages;

c) awarding all expenses and costs, including attorneys' fees;

d) an injunction prohibiting the Defendants from disseminating, distributing, or publishing any footage or statements that are judicially determined to be defamatory;

e) declaratory judgement enjoining the Commonwealth of Virginia from using/releasing photographs of individuals not convicted; not plead and not a fugitive from justice;

f) declaratory judgement abolishing Virginia Statute § 2.2-3706 as permanently Unconstitutional; and

g) such other and further relief as the Court deems appropriate.

## A JURY TRIAL IS DEMANDED

**DATED:** February *23*, 2023.

Respectfully submitted,

/s/Christopher G. White, Esq.
Christopher G. White, Esquire
FL Bar. No.:123963
D.C. Bar No.:1531450
*Mailing Address:*
PO Box 246
Forest, VA 24551
Office: (434) 660-9701
Fax: (434) 818-0866
E-Mail: Chriswhitelawyer@gmail.com