CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/24/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| CHRISTOPHER WHITE,<br><br>       *Plaintiff*,<br><br>  v.<br><br>DEVON KEY, *et al.*,<br><br>       *Defendants*. | CASE NO. 6:23-cv-00007<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

  Defendant Key has filed a motion to strike portions of Plaintiff's complaint, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Dkt. 6. Plaintiff White opposes the motion. Dkt. 21. For the following reasons, the Court **GRANTS in part** and **DENIES in part** her motion.

  On December 9, 2023, White claims that he engaged in consensual sexual intercourse with Key. Dkt. 1 ¶ 63. Afterwards, Key accused White of raping her, and on December 21, 2021, White was arrested for rape. *Id.* ¶¶ 21, 28, 34. White alleges that he was falsely accused of rape. *Id.* at 10. After being arrested, a mugshot was taken of White and made public on the internet. *Id.* at ¶¶ 71–73; Dkt. 1-1 at 20–23. At a hearing held on January 4, 2022, White claims that Defendant Webster, a prosecutor with the Lynchburg's Commonwealth's Attorney's Office, coached Key as a witness and told her what to say while she was testifying. Dkt. 1 ¶ 36. In his complaint, White asserts various claims against Defendants surrounding his arrest and prosecution. He specifically asserts claims of defamation, intentional infliction of emotional distress, unauthorized use of his mugshot, malicious prosecution, and false arrest. *Id.* at 12–27. He also claims that the Virginia statute § 2.2-3796, which authorizes the disclosure of law-

1

enforcement and criminal records, is unconstitutional. *Id.* at 21–23, 24–27.

Rule 12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Information is "scandalous" under Rule 12(f) if it "improperly casts a derogatory light on someone, most typically on a party to the action." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC., § 1382 (3d ed., April 2022). A court "has broad discretion in deciding whether to strike matters from pleadings." *Certusview Techs., LLC v. Usic, LLC*, No. 2:14-cv-373, 2014 WL 12591937, at *4 (E.D. Va. Dec. 15, 2014) (internal quotation marks omitted). However, such motions "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted).

Motions to strike are proper where "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Bailey v. Fairfax Cnty., Va.*, No. 1:10-cv-1031, 2010 WL 5300874, at *4 (E.D. Va. Dec. 21, 2010) (internal quotation marks omitted). "The disfavored character of Rule 12(f), however, is somewhat relaxed in the context of scandalous matter, and materials of this type often will be stricken from the pleadings in order to 'purge the court's files and protect the person who is the subject of the allegations.'" *Thornhill v. Aylor*, No. 3:15-cv-00024, 2016 WL 258645, at *2 (W.D. Va. Jan. 20, 2016) (quoting Wright & Miller, *supra*).

First, Key requests that the Court strike portions of the complaint relating to the circumstances surrounding the alleged rape and the prosecution. Dkt. 6. She specifically requests that the Court strike the statements that Detective Stevenson conducted a "clandestine

investigation" in paragraphs 22 and 30, the statement that rape is a "violent felony that is of no laughable nature whatsoever" in paragraph 28, the statement that "[w]hen an investigation is not even-handed . . ." in paragraph 29, the statement that "[i]t is entirely unprofessional . . ." in paragraph 30, the statement that Webster "was unprofessionally and unethically witness coaching" Key in paragraph 36, the statement that Webster violated Virginia Bar Rule 3.4(C) in paragraph 37, and the statement that Key committed "perjury" in paragraph 54. *Id.* She further moves to strike paragraphs 23–25, 27, 38–41, 43, 46, 47, and 79–84. *Id.* These allegations relating to the circumstances surrounding the alleged rape and the prosecution, however, are relevant to Plaintiff's defamation, malicious prosecution, and false arrest claims and are not scandalous or prejudicial. Thus, the Court declines to exercise its discretion to strike these portions of Plaintiff's complaint.

Second, Key requests that the Court strike portions of paragraphs 2, 3, 4, 31, 175 and 201. Dkt. 6. She claims that these allegations, which accuse Key of being a drug abuser and an alcoholic and having a mental illness, are immaterial, scandalous, and prejudicial. *Id.* The Court agrees. Plaintiff's allegations about Key's drug and alcoholic abuse and mental illness are not probative of Plaintiff's claims and are improperly scandalous and prejudicial to Key. *See generally Bailey*, 2010 WL 5300874, at *4. Pursuant to Fed. R. Civ. P. 12(f), Plaintiff is **ORDERED** to file an amended complaint within twenty-one (21) days of the issuance of this Order striking the following portions from his complaint:

- Paragraph 2 – the statement that Key is a "prescription pill abuser;"
- Paragraph 3 – the statement that Key is "medically diagnosed with mental illness;"
- Paragraph 4 – the statement that Key is "an admitted substance abuser and alcoholic;"
- Paragraph 31 – the statement that Key is "an individual on anti-psychotic medication,

medically diagnosed with mental health issues and admitted substance abuser;" and

- Paragraphs 175 and 201 – the statement that Key is "an individual with medically diagnosed mental illness, admitted drug addiction/substance abuse illness, [and] a likely personality disorder."

The motions to dismiss Plaintiff's complaint, Dkts. 7, 10, will remain pending and will not be affected by the filing of an amended complaint.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion and Order to Plaintiff and to all counsel of record.

Entered this 24th day of April, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE