CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/8/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CHRISTOPHER WHITE, *Plaintiff,* v. DEVON KEY, *et al.*, *Defendants.* | CASE NO. 6:23-cv-00007 ORDER JUDGE NORMAN K. MOON |

Christopher White, an attorney proceeding *pro se*,[1] asserts several claims against Defendants stemming from his arrest and prosecution for the alleged rape of Devon Key. For the reasons provided during the June 7, 2023 hearing, Defendant Chelsea Webster's motion to dismiss for failure to state a claim and for partial final judgment, Dkt. 10, and the Commonwealth of Virginia's motion to dismiss for failure to state a claim, Dkt. 36, are **GRANTED**. White's malicious prosecution claim against Webster and his constitutional challenges against Virginia Code § 2.2-3706 are **DISMISSED with prejudice**.

In addition, White's false arrest claim against Defendant Crystal Stevenson is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(6).[2] A false arrest claim can

---

[1] Courts are to construe the filings of *pro se* litigants liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1970). However, when a *pro se* plaintiff is himself an attorney, he is not entitled to the liberal construction of pleadings ordinarily afforded *pro se* plaintiffs. *Rashad v. Jenkins*, No. 3:15CV655, 2016 WL 901279, at *3 (E.D. Va. Mar. 3, 2016) (collecting cases where courts have drawn a distinction between *pro se* attorneys and *pro se* parties). Thus, White, an attorney, is not entitled to the same liberal and lenient treatment extended to non-lawyers filing *pro se*.

[2] A court "is authorized to dismiss a claim sua sponte" under Fed. R. Civ. P. 12(b)(6), "as long as there is notice and an opportunity to be heard." *Sheehan v. Saoud*, 650 F. App'x 143, 152 (4th Cir. 2016). Here, White has been provided notice and an opportunity to be heard about his complaint during the June 7, 2023 hearing.

be brought under federal and Virginia law. *See generally Pleasants v. Town of Louisa*, 524 F. App'x 891, 897 (4th Cir. 2013) (explaining a § 1983 false arrest claim); *Cole v. Eckerd Corp.*, No. L00-2243, 2000 WL 33595085, at *2–3 (Va. Cir. 2000) (explaining a common law tort of false arrest, also referred to as false imprisonment).

However, under both Virginia and federal law, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant" even if a plaintiff alleges that the warrant was not supported by probable cause. *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see Cole*, 2000 WL 33595085, at *2 ("A warrant regular on its face does not give rise to a cause of action for false imprisonment even though the warrant was procured . . . without probable cause.") (cleaned up). Because Stevenson arrested White pursuant to an arrest warrant and no allegations indicate she obtained a facially invalid warrant, Dkt. 45 ¶ 98, White fails to state a false arrest claim.[3]

Moreover, White has not sufficiently served Defendants Donald T. Sloan, Ryan Zuidema, Kristen Borak, and City of Lynchburg within 90 days of filing his complaint. Nor has he shown good cause for failure to serve them. Thus, White's claims against Sloan, Zuidema, and Borak are **DISMISSED without prejudice**. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Lastly, the Court **GRANTS in part** and **DENIES in part** Defendant Key's motion to dismiss, Dkt. 7. White's federal claims have been dismissed, and White and Key are both

---

[3] The Court finds good cause to set aside the entry of default, Dkt. 51, because White has failed to state a false arrest claim against Stevenson. Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause.").

Virginia citizens. Thus, the Court has neither federal question nor complete diversity jurisdiction over the remaining state law claims and counterclaims. Because White's claims providing original jurisdiction have been dismissed at an early stage of the litigation, the Court will decline to exercise supplemental jurisdiction over the remaining claims and counterclaims. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 28 U.S.C. § 1367(c)(3) (providing a court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it had original jurisdiction").[4] Accordingly, White's claims against Defendants Key, Allison Maher, Tucows Inc., Cloudflare, Inc., and Robert Wiggen as well as Key's counterclaims, Dkt. 8, are **DISMISSED without prejudice**. Because Key's counterclaims have been dismissed, White's motions to dismiss and strike Key's counterclaims, Dkts. 15, 16, are **DENIED as moot**.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to Plaintiff and to all counsel of record and to dismiss this case from the Court's active docket.

Entered this 8th day of June, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] The Fourth Circuit has explained that "courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).